```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                     COLUMBIA DIVISION
```

MILTON WAYNE BRITTON           ]
    Plaintiff,                 ]
                               ]
v.                             ]     No. 1:12-0032
                               ]     Judge Campbell
NURSE FLOYD                    ]
    Defendant.                 ]


# M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Maury County Jail in Columbia, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Nurse Floyd, a member of the medical staff at the jail, seeking injunctive relief and damages.

The plaintiff's statement of facts reads in its entirety:

> I Milton Wayne Britton have filed
> several medical forms regarding
> several pains and problems relating
> to my toe on my right foot. I have
> been denied medical attention.

Docket Entry No.1 at pg.5.

*Pro se* pleadings are subject to liberal construction. Haines v. Kerner, 404 U.S. 519 (1972). Nevertheless, liberal construction does not require the Court to create a claim which the plaintiff has not spelled out in his complaint. Wells v. Brown, 891 F.2d 591, 594 (6th Cir.1989). A plaintiff is required to plead more than bare legal conclusions. Lillard v. Shelby County Board of Education, 76

F.3d 716, 726 (6th Cir.1996). Thus, a *pro se* litigant must meet the basic pleading requirements for a complaint in order to state a cognizable claim for relief. <u>Wells</u>, *supra*. The plaintiff must identify the right or privilege that was violated and the role of the defendant in the alleged violation. <u>Dunn v. Tennessee</u>, 697 F.2d 121, 128 (6th Cir.1982).

In this case, the plaintiff has failed to state with any type of specificity the nature of his medical needs. Nor has the plaintiff described what efforts he took to obtain attention for those needs. In addition, the plaintiff never mentions the defendant and her alleged role in the denial of medical care. Consequently, the plaintiff has failed to state a claim against the defendant upon which relief can be granted.

When a prisoner plaintiff has failed to state a claim, the Court is obliged to dismiss his complaint *sua sponte*. 28 U.S.C. § 1915(e)(2). Accordingly, an appropriate order will be entered dismissing this action.

                                                                                         _____
                                                                                         Todd Campbell
                                                                                         United States District Judge